UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 87-0953-01 MHP |
| Plaintiff(s), | **ORDER MODIFYING SUPERVISED RELEASE AND JUDGMENT** |
| v. | |
| MAURICE MIGUEL TATUM, | |
| Defendant(s). | |

This matter came on pursuant to an Order to Show Cause why supervised release should not be revoked. Defendant appeared in person with his attorney Gilbert Eisenberg. The United States was represented by Assistant United States Attorney David Ward.

The defendant was advised of the following:

1. His right to a hearing on the alleged violations of supervised release;
2. His right to confront and cross-examine witnesses;
3. His right to produce evidence and witnesses at the hearing without cost to him if he could not afford the same;
4. His right to continue to have court appointed counsel represent him throughout the proceedings; and
5. The nature of the revocation proceedings and the consequences if a violation was found and supervised release revoked or modified.

The court finds that defendant was fully advised of his constitutional and statutory rights in connection with these proceedings either as a basis for modification or revocation; that he fully understands the nature of the proceeding and the defenses that he may assert in the proceeding; that he fully understands the consequences of the proceeding; and that he freely and voluntarily waives his right to a hearing, his counsel consenting thereto.

The court finds that the defendant has admitted to the violations as alleged in the petition to revoke and that such violations are sufficient cause to revoke supervised release.

Charge 1:   Violation of Standard Condition Number Three which states that he shall report to the US Probation Office as directed, in that defendant failed to report to his US Probation Officer on the dates of December 12, December 15, 2008, February 3, February 9, June 11, and October 1, 2009.

Charge 3:   Violation of Standard Condition Number Six which states that defendant shall work regularly at a lawful occupation unless excused by the US Probation Officer, in that defendant submitted incomplete employment journals as requested, and failing to provide accurate current work address sites and related information.

Based on the foregoing,

IT IS ADJUDGED that Supervised Release is hereby MODIFIED to include the following conditions:

1. The defendant shall serve 120 days home confinement, with electronic monitoring. The defendant shall pay all or part of the cost of participation in the location monitoring program, based on his ability to pay as directed by the US Probation Officer. The defendant is restricted to his residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities as pre-approved by the US Probation Officer.

2. The defendant shall check his voice mail and/or answering machine on a daily basis to determine if any instructions were left by the US Probation Officer, and shall follow such instructions.

3. All previously imposed conditions shall remain in full force and effect.

Dated: 12/9/2009

MARILYN HALL PATEL
United States District Court

2