UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff(s),

  v.

MAURICE MIGUEL TATUM,

        Defendant(s).

No. CR 87-0953-01  MHP

**ORDER REVOKING SUPERVISED RELEASE AND JUDGEMENT**

    This matter came on pursuant to an Order to Show Cause why supervised release should not be revoked. Defendant appeared in person with his attorney Gilbert Eisenberg. The United States was represented by Assistant United States Attorney Anna Pletcher.

    The defendant was advised of the following:

1. His right to a hearing on the alleged violations of supervised release;
2. His right to confront and cross-examine witnesses;
3. His right to produce evidence and witnesses at the hearing without cost to him if he could not afford the same;
4. His right to continue to have court appointed counsel represent him throughout the proceedings; and
5. The nature of the revocation proceedings and the consequences if a violation was found and supervised release revoked or modified.

    The court finds that defendant was fully advised of his constitutional and statutory rights in connection with these proceedings either as a basis for modification or revocation; that he fully understands the nature of the proceeding and the defenses that he may assert in the proceeding; that he fully understands the consequences of the proceeding; and that he freely and voluntarily waives

his right to a hearing, his counsel consenting thereto.

The court finds that the defendant has admitted to the violations as alleged in the petition to revoke and that such violations are sufficient cause to revoke supervised release.

Charge 1: Violation of Standard Condition which states that defendant shall not commit any federal, state, or local crime in that on January 6, 2010, defendant was arrested by SFPD for Dissuading a Witness.

Charge 2: Violation of Standard Condition which states that defendant shall consent to be monitored by location monitoring and shall abide by all of the requirements established by the probation officer related to the use of this location monitoring technology in that on January 4, 2010, defendant's home telephone line had failed prior to his departure from his residence.

Charge 3: Violation of Standard Condition which states that defendant shall consent to be monitored by location monitoring and shall abide by all of the requirements established by the probation officer related to the use of this location monitoring technology in that defendant failed to submit appropriate request for a schedule change.

Based on the foregoing,

IT IS ADJUDGED that Supervised Release is hereby REVOKED and defendant is remanded to custody of Bureau of Prisons for a term of nine (9) months. No further term of supervised release is ordered.

Dated: 5/6/2010

MARILYN HALL PATEL
United States District Court